**Van HOWELL, Plaintiff-Appellant,**

**Jimmie Joyce et al., Plaintiffs,**

v.

**Eugene F. BLAIR et al., Defendants-Appellees.**

No. 77–2349

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 19, 1978.

A. W. Touchton, Lake Park, Ga., for plaintiff-appellant.

William P. Langdale, Jr., Valdosta, Ga., for defendants-appellees.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Plaintiffs-appellants brought this action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343 alleging that the refusal of the county commissioners of Echols County, Georgia to license the sale of malt liquor in that county invades their rights under the fourteenth amendment equal protection clause because it subjects them to a discriminatory tax burden. Under Georgia law, individual counties are given authority to grant or refuse permits to sell or manufacture alcoholic beverages. The counties levy a tax on the beverages sold and part of the tax revenues is used to benefit the county. *See* Ga.Code Ann., Sec. 58–706.1, 58–718. The district court dismissed the plaintiff's com-

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

plaint under Rule 12(b)(6) F.R.C.P. for failure to state a claim for which relief can be granted. We affirm that dismissal since we find that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *Mann v. Adams*, 556 F.2d 288 (5 Cir. 1977).

Plaintiff's brief notes that:

We do not claim that we are entitled to be granted Permits to retail Malt Beverages, but as ad valorem Taxpayers, we do claim that we are entitled to the benefit of the Excise Taxes the Law imposes as tax relief, pro tanto.

Plaintiff's Brief on Appeal at 5. We assume that plaintiffs thus concede that they have no federally protected right to a liquor license. *See California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972). Their complaint that they are denied rights as taxpayers is not persuasive. Since no specific right other than equal protection is asserted in this case, the state traditionally has large leeway in drawing lines that permits reasonable systems of taxation. *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973). The balancing done by the county commissioners in determining that the detrimental effects of the sale of malt liquor outweighed its advantages were sufficiently within the bounds of those minimal requirements. The dismissal for failure to state a claim is AFFIRMED.